MANLY CONSTRUCTION CO. v. O. RAYMOND SKILES, *et al.*

153 So. 788.
Opinion Filed March 7, 1934.

*Duncan, Hamlin & Duncan* and *H. M. Hampton,* for Appellant;

*Philip C. Gorman,* for Appellees.

BUFORD, J.—In this case it appears that Kiwanis Club of Leesburg, Florida, through certain of its officers entered into a contract in the name of Kiwanis Club of Leesburg (which will will be hereinafter called the Club) with Manly Construction Company, a corporation, whereby Manly Construction Company agreed to furnish all materials and labor necessary to build and install a swimming pool, with the exception of a pump, motor and well, on lands owned by the City of Leesburg, on which the Club had obtained permission to construct such swimming pool. Manly Con-

struction Company was to receive the actual cost of materials and labor, plus ten per cent. of the total cost of such materials and labor, as its full and complete compensation, which compensation was to have been paid from receipts arising from the use of the pool and it was agreed that all of such receipts should be devoted to the payment of the amount found to be due upon the completion of the work.

It was further agreed that the Club should charge and collect a minimum charge of fifteen cents for each and every person bathing in said pool, for each time that such person should enter the grounds surrounding the pool, which charges were to be applied to the payment for the construction and installation of the pool.

It was further agreed that such charges should continue without change and that all moneys arising therefrom should be applied to the payment of moneys due to Manly Construction Company until such time as it should have been paid in full, together with interest from the day of completion of the pool at the rate of eight per cent.

It was further provided:

"It is understood that all moneys collected from the use of said pool shall be promptly deposited with the Leesburg State Bank for the credit and use of the party of the second part, until such time as the moneys due it shall have been paid in full, together with interest, which interest shall be calculated each six months on the basis of the average monthly balance due the party of the second part for the preceding six months, and the party of the first part does guarantee and assure to the party of the second part that all moneys due and to become due to the party of the second part under this contract, both principal and interest, shall and will be paid within three years from the date of this contract."

The agreement was entered into on the 25th day of July, 1928. On the 9th day of April, 1932, Manly Construction Company filed a bill of complaint in the Circuit Court in and for Lake County alleging that the pool had been completed and delivered in accordance with the terms of the contract and had been accepted by the Club on or about the last day of April, 1929, and that from and after that date the Club had continued to use the pool for the purposes for which it was intended and to charge fees for the use of the pool as in the contract provided, but had failed and refused to account to Manly Construction Company for the funds so collected for the use of the pool and had failed and refused at the end of three years to pay Manly Construction Company in accordance with the terms of the contract. The bill prayed for discovery of the names of the members of the Club. This information was furnished by attorneys for the Club. It prayed for an accounting of funds received and for the appointment of a receiver to take charge of and operate the pool. After the names of members of the Club were furnished those parties were made defendants in the suit.

On August 1, 1932, motion to dismiss was filed containing forty-two (42) grounds. Answer was filed by O. Raymond Skiles who executed the contract on behalf of Kiwanis Club of Leesburg as its president, in which he averred that he was without knowledge of the matters and things alleged and denied each paragraph of the bill of complaint.

On the 16th day of September, 1932, motion was made to transfer the cause to the law side of the court. On the 23rd day of December the Circuit Judge entered an order granting the motion to dismiss on the third ground thereof, which was as follows:

"That it affirmatively appears from the facts of the amended bill of complaint, that if any cause of action is

stated in favor of plaintiff and against these defendants, it is an action of assumpsit, to which an adequate and complete remedy is afforded at law."

· And· the cause was by the same order transferred to the law side of the Circuit Court of Lake County and the complainant was allowed thirty days from the date of the order in which to file pleadings therein. From this order appeal was taken.

The only question for us to determine is whether or not the bill of complaint stated any cause of action justiciable in a court of equity. We are not called upon to determine here what members, if any, besides those who signed the contract are liable to the complainant.

We think that the bill of complaint states two grounds which warrant the intervention of equity. Our construction of the contract is that it provided that a charge of fifteen cents should be made for each and every person bathing in the pool, for each. time that it was used by such person, and that these charges when collected were pledged in kind to Manly Construction Company to be applied on the cost of labor and material, plus ten per cent. for supervision in the construction of the pool, plus interest; and that such charges when paid became a trust fund in the hands of Kiwanis Club of Leesburg, or the officers receiving the same for the use and benefit of Manly Construction Company, all of which charges were to have been deposited with Leesburg State Bank for the credit and use of Manly Construction Company. That when those funds were collected and not so deposited Manly Construction Company was entitled to an accounting to enforce the provisions of the contract and to get possession of the trust fund. Under the provisions of the contract Manly Construction Company was entitled to receive all of the proceeds arising from fees charged for the use of the pool until such time as the money

due it should be paid in full, together with interest as provided for in the contract, and if, as was alleged in the bill of complaint, Kiwanis Club of Leesburg failed and refused to pay over this fund, Manly Construction Company was entitled to have a receiver appointed to take charge of the pool and operate the same for the account of Manly Construction Company until the amount due should be paid in full.

We think that the provision in the contract, "The party of the first part does guarantee and assure to the party of the second part that all moneys due and to become due to the party of the second part under this contract, both principal and interest, shall and will be paid within three years from the date of this contract," merely amounts to a guarantee that the proceeds from the fees charged for the use of the pool will be sufficient to pay for the construction of the pool with interest thereon within three years and does not deprive Manly Construction Company of its right to look to the proceeds of fees charged for the use of the pool for the payment of the cost of construction, plus ten per cent. with interest thereon, whether such proceeds should be sufficient to pay that amount within the period of three years or not. That the proceeds under the contract were to go to Manly Construction Company until the full amount of the cost of construction, plus ten per cent. and interest, was fully paid.

Under this construction of the contract, it becomes apparent that Manly Construction Company is entitled to an accounting that it may be judicially determined what amount of the trust fund has been received by the Club, and not deposited to the credit of Manly Construction Company as it was required to be deposited, and that such amount may be required by order of the court to be so deposited and, thereupon, Manly Construction Company would be entitled to

have the pool operated by a receiver for the use and benefit of Manly Construction Company until the remainder of the sum due be paid by charges for the use of the pool, or otherwise by the Club.

Having determined that under the provisions of the contract and under the allegations of the bill of complaint, the complainant was entitled to have an accounting and the appointment of a receiver, it follows that the order transferring the cause to the law side of the Circuit Court was error and should be reversed because it is elementary that both accounting and receiverships are matters cognizable in courts of equity.

Order appealed from reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.